IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Richardson, #28507-171, a/k/a Curtis Richardson, #269166, a/k/a Curtis D. Richardson, a/k/a Curtis Dale Richardson,<br><br>Petitioner,<br><br>vs.<br><br>Warden Bennettsville FCI,<br><br>Respondent. | Case No.: 4:21-cv-03230-JD-TER<br><br><br>**OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Petitioner Curtis Richardson, #28507-171, a/k/a Curtis Richardson, #269166, a/k/a Curtis D. Richardson, a/k/a Curtis Dale Richardson ("Richardson" or "Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief contesting "how [his] sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)." (ECF No. 1 at 2). Richardson states that "[t]he BOP refuses to honor [his] eligibility for release as an elderly offender and miscalculated my sentence." (ECF No. 1 at 6.) Accordingly, Richardson asks this Court to "recalculate [his]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

sentence and order BOP to place me on home confinement immediately pursuant to the provisions of the First Step Act's of December 21, 2018 elderly two thirds release date."[2]  (ECF No. 1 at 8).

The Report and Recommendation was issued on November 10, 2021, recommending summary dismissal without prejudice and without requiring the respondent to file a return because Petitioner has not fully exhausted his administrative remedies with the Bureau of Prisons (BOP) and the court lacks authority to order the BOP to place Petitioner in home confinement under the First Step Act.  (DE 12.)

Although Petitioner has filed objections to the Report (DE 17), to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2]     The Court takes judicial notice of Petitioner's release date as shown on the Federal Bureau of Prisons website https://www.bop.gov/ as January 14, 2022.

Upon review, Richardson raises two main objections. Richardson claims that exhaustion would be futile because he has "a very short sentence with a maximum release date of 1/16/[22]." (DE 17, p. 2.) Moreover, Richardson claims that he is entitled to placement in home confinement under the First Step Act, and therefore, he should be excused from any further exhaustion requirements. (DE 17, p. 3.) Notwithstanding Richardson's objections, his claims are moot because he is no longer confined at the BOP. A claim under 28 U.S.C. §2241 must be filed by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Consequently, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477). Since Richardson was released from federal custody and, as such, is no longer pursuing his release from confinement, his claim is moot.

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified herein and incorporates it by reference.

3

It is, therefore, **ORDERED** that Richardson's petition is dismissed without prejudice.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

April 21, 2022 Greenville,
South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.